UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JUSTIN M. ROBERTS, | ) |
| Petitioner, | ) |
| v. | ) No. 1:18-cv-00575-SEB-TAB |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**Entry Denying Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion Justin Roberts for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

## I. The § 2255 Motion

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

## II. Factual Background

On February 3, 2016, Mr. Roberts was charged in an indictment with one count of conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846, and three counts of distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1). *United States v. Roberts*, 1:16-cr-00025-SEB-MJD-8 ("Crim. Dkt.") Dkt. 1. A grand jury returned a superseding indictment on May 4, 2016, but the charges against Mr. Roberts remained the same. Crim. Dkt. 172.

During the criminal proceeding, Mr. Roberts was initially represented by attorney Kathleen Sweeney. Crim. Dkt. 59. Ms. Sweeney was the attorney who negotiated and signed the plea agreement. *See* Crim. Dkt. 296, Crim. Dkt. 475 at 45. However, in August 2016, the Court granted Ms. Sweeney's motion to withdraw her appearance, Crim. Dkt. 343, Crim. Dkt. 349, and appointed attorney Kathryn DiNardo to represent Mr. Roberts, Crim. Dkt. 358.

On May 31, 2016, a petition to enter a plea of guilty and a plea agreement was filed pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Crim. Dkt. 296. In the plea agreement, Mr. Roberts agreed to plead guilty to two counts of distribution of a controlled substance, and the government agreed to dismiss the conspiracy count and the other distribution count. *Id.* at ¶ 1; *see also* Crim. Dkt. 475 at p. 8. The plea agreement also provided as follows:

> Because the defendant has sustained a prior conviction for a felony drug offense and the government has filed an information pursuant to 21 U.S.C. § 851(a)(1), the offense is punishable by a maximum sentence of 30 years' imprisonment, a fine of not more than $1,000,000, and not less than 3 years' supervised release following any term of imprisonment.

Crim. Dkt. 296 at ¶ 2. By executing the plea agreement under Rule 11(c)(1)(C), Mr. Roberts agreed that the Court would sentence him to a term of imprisonment between 144 and 168 months with the government recommending a sentence of 156 months' imprisonment. *Id.* at ¶¶ 4, 9.

Although the plea agreement stated that the government had filed an information pursuant to § 851, *see* Crim. Dkt. 296 at ¶ 2, the government did not file the information until October 13, 2016, *see* Crim. Dkt. 380. The information stated:

> JUSTIN M. ROBERTS, the defendant herein, did commit the offense alleged in the Superseding Indictment returned herein on May 4, 2016, under cause number 1:16-cr-0025-SEB-MJD-08 after one prior conviction for a felony offense punishable under state or federal law that prohibits or restricts conduct relating to controlled substances became final, to-wit:
>
> 1. On or about July 15, 2011, JUSTIN M. ROBERTS was convicted in the Scott County (Indiana) Circuit Court of Possession of Methamphetamine, at docket number 72D01-0906-FB-17. Judgment was entered on the conviction on or about July 15, 2016 and the conviction is a felony under Indiana law.

Crim. Dkt. 380.

At the plea and sentencing hearing, held in February 2017, the Court referenced the fact that earlier pleadings indicated the information had not been filed and confirmed that the information was filed prior to the hearing. Crim. Dkt. 475 at pp. 8-9.

### III. Discussion

In support of his § 2255 motion, Mr. Roberts asserts that he received ineffective assistance from both attorneys who represented him. He contends that the attorneys failed to investigate his case and thus did not challenge the information filed pursuant to 21 U.S.C. § 851. He also asserts that the first attorney who represented him was ineffective because she "abandoned [him] and the case without any notice." Dkt. 6 at 3.

A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *United States v. Jones*, 635 F .3d 909, 915 (7th Cir. 2011). If a petitioner cannot establish one of the *Strickland* prongs, the Court need not consider the other. *Groves v. United*

*States,* 755 F.3d 588, 591 (7th Cir. 2014). To satisfy the first prong of the *Strickland* test, a petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt v. United States,* 574 F.3d 455, 458 (7th Cir. 2009). The Court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance. *Id.* To satisfy the prejudice component, a petitioner must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

### A. Challenges to Information Filed Pursuant to § 851

Mr. Roberts asserts that his counsel should have challenged the information filed pursuant to § 851 on multiple grounds: (1) that the Indiana statute underlying the conviction identified in the information was unconstitutional; (2) that the information had not been filed at the time Mr. Roberts signed the plea agreement; and (3) that the conviction identified in the information was not final at the time Mr. Roberts signed the plea agreement.

#### 1. Failure to challenge constitutionality of statute underlying earlier conviction

First, Mr. Roberts argues that counsel was ineffective for failing to argue that the § 851 information was invalid because the conviction identified therein was based on an unconstitutional Indiana statute. Dkt. 6 at 6-7, 11-12. In support of this argument, Mr. Roberts relies on *Whatley v. Zatecky*, 833 F.3d 762, 776-84 (7th Cir. 2016), a case in which the Seventh Circuit granted habeas relief to a petitioner after concluding that the statute underlying his sentencing enhancement, Ind. Code § 35-48-4-6(b)(3) (2008), was unconstitutionally vague.

Mr. Roberts's counsel did not provide ineffective assistance, however, because a defendant may not collaterally attack the validity of a previous state conviction during a federal sentencing proceeding unless the conviction was obtained in a proceeding where the defendant was denied

4

his Sixth Amendment right to counsel. *See Ryan v. United States*, 214 F.3d 877, 879-81 (7th Cir. 2000) (discussing the "several reasons why a prior conviction is conclusive for purposes of recidivist sentencing"); *see also Custis v. United States*, 511 U.S. 485, 487 (1994)). Here, Mr. Roberts does not contend that his prior conviction occurred in a proceeding where he was not represented by counsel. Thus, any challenge to the validity of the conviction identified in the § 851 information would have been frivolous. "Because a defendant's lawyer has an obligation to be truthful and forthright with the court, he has no duty to make a *frivolous* argument, and indeed is barred by the rules of professional ethics from doing so." *Fuller v. United States*, 398 F.3d 644, 652 (7th Cir. 2005) (internal quotation marks and citations omitted). The attorneys' failures to challenge the validity of the conviction identified in the § 851 information did not constitute deficient performance under *Strickland*.

### 2. Failure to challenge delay in filing § 851 information

Mr. Roberts next contends that he received ineffective assistance of counsel because neither attorney challenged the fact that the § 851 information was not filed at the time he signed the plea agreement, even though the plea agreement specifically stated that the government had filed an information pursuant to § 851. Dkt. 6 at 7.

Section 851(a)(1) states:

> No person shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, *or before entry of a plea of guilty*, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person stating in writing the previous convictions to be relied upon.

21 U.S.C. § 851(a)(1) (emphasis added). The statute requires only that the information be filed before entry of a guilty plea, *id.*, and the Seventh Circuit has held that a § 851 information is timely

5

if filed the day of the plea hearing, before the hearing begins, *see United States v. Stark*, 168 F. App'x 738, 740 (7th Cir. 2006).

Consequently, even though Mr. Roberts is correct that an information pursuant to § 851 had not been filed at the time he signed his plea agreement, *see* Crim. Dkt. 296 (plea agreement signed by Mr. Roberts on May 31, 2016) *and* Crim. Dkt. 380 (information pursuant to § 851 filed October 11, 2016), the date on which he signed the plea agreement is not pertinent. Rather, it is the date the Court accepts the guilty plea that determines whether a § 851 information is timely.

Here, Mr. Roberts's plea and sentencing hearing was five months after the government filed the information. *See* Crim. Dkt. 448 (plea and sentencing hearing held on February 21, 2017). At the plea hearing, the Court noted that earlier pleadings had indicated that the § 851 information had not been filed and confirmed that it had been filed before the plea hearing. Crim. Dkt. 475 at pp. 8-9. Any challenge to the timeliness of the § 851 information would have been frivolous, and counsel is not ineffective for failing to present such arguments. *See Fuller*, 398 F.3d at 652.

### 3. Failure to challenge finality of conviction identified in § 851 information

Finally, Mr. Roberts claims that his attorneys provided ineffective assistance by failing to challenge the finality of the conviction identified in the § 851 information. The § 851 information filed by the government stated, "On or about July 15, 2011, Justin M. Roberts was convicted in the Scott County (Indiana) Circuit Court of Possession of Methamphetamine, at docket number 72D01-0906-FB-17. Judgment was entered on the conviction on or about July 15, 2016 and the conviction is a felony under Indiana law." Crim. Dkt. 380.

Although the information stated that judgment on the state conviction was entered on July 15, 2016, the presentence investigation report indicated that judgment was entered July 15, 2011. Crim. Dkt. 376 at ¶ 33. The date provided in the presentence investigation report also matches

6

information available in public records. *See Case Summary*, mycase.IN.gov, https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6Ik1qUTVNGd4T1RFek1EY3dPalE1TkRVM0101UZzFOUT09In19 (last visited July 3, 2019). This information indicates that the date in the § 851 information was a scrivener's error, or an error "resulting from a minor mistake or inadvertence . . . and not from judicial reasoning or determination." *United States v. Gibson*, 356 F.3d 761, 766 n.3 (7th Cir. 2004) (quoting Black's Law Dictionary 563 (7th ed. 1999)). Because the presentence investigation report and public records indicated that Mr. Roberts's prior conviction was final at the time the government filed the § 851 information and the Court entered Mr. Roberts's guilty plea, the attorneys' actions did not fall below objectively reasonable standards.

**B. Attorney's motion to withdraw**

Mr. Roberts also alleges that he received ineffective assistance from the first attorney who represented him because she "abandoned [Mr.] Roberts and the case without any notice." Dkt. 6 at 3. He states that the first attorney's withdrawal "left him with an attorney [with] whom he had no relationship whatsoever, and further who knew nothing about the case." Dkt. 6 at 9.

Although Mr. Roberts claims that his first attorney's withdrawal caused him to be represented by an attorney who did not know anything about the case, he has not established any deficient performance by the second attorney. As set forth above, the second attorney was not ineffective for failing to challenge the § 851 information. Mr. Roberts has presented no other challenges to the second attorney's performance. Additionally, the record indicates that the first attorney's withdrawal from the criminal proceeding did not prevent Mr. Roberts from meeting any deadlines or otherwise prevent him (and his second attorney) from defending against the charges against him. Mr. Roberts has not shown any "reasonable probability that, but for counsel's

7

unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

## IV. Conclusion

For the reasons explained in this Entry, Mr. Roberts is not entitled to relief on his § 2255 motion. There was no ineffective assistance of counsel. Accordingly, his motion for relief pursuant to § 2255 is denied and this action is dismissed with prejudice.

Judgment consistent with this Entry shall now issue and the Clerk shall **docket a copy of this Entry in No. 1:16-cr-00025-SEB-MJD-8**. The motion to vacate (Crim. Dkt. 471) shall also be **terminated** in the underlying criminal action.

## V. Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition. Rather, he must first request a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Roberts has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 7/12/2019

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

8

Distribution:

JUSTIN M. ROBERTS
15104-028
MCCREARY - USP
MCCREARY U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 3000
PINE KNOT, KY 42635

Bradley A. Blackington
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bradley.blackington@usdoj.gov